UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                  No. 1:23-cr-29

vs.                                   Hon. Paul L. Maloney
                                        United States District Judge

TERRANCE WAYNE VANOCHTEN

          Defendant.
_____/

## GOVERNMENT'S MOTION FOR DETENTION OR PRETRIAL BOND CONDITIONS

The defendant is charged with possessing three pipe bombs and has expressed anti-government extremist views. He owns a large cache of weapons, and violated a personal protection order that prohibited him from accessing the home where they are stored. The government asks the Court to consider these facts in implementing bond conditions, including the possibility of temporary detention until the firearms can be properly disposed of pending trial.

### FACTS

In August 2022, Kalkaska County Sheriff's deputies were dispatched to VanOchten's residence after he began firing a pistol from the front door of his house. Deputies observed an AR-15 type semiautomatic assault rifle with a modified selector switch in plain view in VanOchten's garage.[1] They executed search warrants, and

---

[1] An AR-15 normally has only a two-way selector switch, with one position for "safe," and another for semiautomatic fire. The rifle in question had a three-way switch, suggesting the possibility it had been modified for fully automatic fire.

found three metal pipe bombs, manuals for manufacturing explosive devices, and a large room filled with other weapons and military equipment. These included assault rifles, a grenade launcher, a semiautomatic shotgun, a sniper rifle, semiautomatic pistols, knives, a helmet, body armor, uniform, and embroidered name tapes reading "VANOCHTEN" and "U.S. ARMY." VanOchten has no affiliation with the U.S. Army.





In recordings obtained by local law enforcement, VanOchten told his wife, "I want true freedom, I really do. Nancy Pelosi? She needs to have her head put on a stick."  He added, "These [guys] who are being put to you for this January 6th [stuff]? I'd go to war right now for these men. Right now. This country's a joke, and I'm tired of it."  He opined that others can "believe in your government. Believe in it, I don't [care]. *I* don't."[2]

In October 2022, the 87-B District Court (Kalkaska County) sentenced Vanochten to 180 days' probation for possessing a firearm under the influence, in violation of MCL § 750.237.  The judgment ordered him to attend alcohol treatment

---

[2] Expletives irrelevant to the point of this motion have been omitted or edited.

and forfeit the Glock pistol discharged in the incident but did not address his other weapons.

On November 4, 2022, deputies were dispatched to VanOchten's residence after he returned to the house, and dressed in full combat gear with an AR-15 rifle while drinking.



4

On November 9, 2022, the 87-B District Court issued a personal protective order prohibiting VanOchten from entering the residence or assaulting his wife. Five days later, Sheriff's deputies arrested VanOchten inside the residence (which he had entered through the rear sliding door). VanOchten admitted knowing he was not allowed inside the home.

## LAW AND ARGUMENT

The Bail Reform Act requires the pretrial detention of a defendant if no condition or combination of conditions exist that will reasonably assure the appearance of the person, and the safety of any other person and the community. 18 U.S.C. § 3142(e). The judicial officer must hold a detention hearing upon a government motion where there is a serious risk that the defendant will obstruct justice or threaten a witness. 18 U.S.C. § 3142(f)(2)(b). The government may request a three-day delay to prepare for the detention hearing. 18 U.S.C. § 3143(f)(2).

In determining whether to detain the defendant or release him on conditions, the Court must consider:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of 18 U.S.C. § 1591, a federal crime of terrorism, or involves a minor victim or controlled substance, firearm, explosive, or destructive device,

(2) The weight of the evidence against the person,

(3) The history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial

resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government must prove dangerousness to any other person or the community by clear and convincing evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); 18 U.S.C. § 3142(f)(2)(B).

## ARGUMENT

VanOchten is a long-time resident of the Western District of Michigan, and the government has no reason to believe he poses a flight risk at this time. His recent violations of both probation and a personal protective order demonstrate, however, that he cannot simply be trusted to abide court-imposed conditions. Moreover, he violated the court's orders by returning to his wife's residence and accessing his arsenal of weapons and armor.

The government is aware of no new violations since November, but it is reasonable to assume the federal indictment and arrest might trigger new disturbing behavior. There is a particular danger that he will blame his wife for providing

evidence against him, and attempt to obstruct, threaten, or retaliate against her. He might also be prompted to commit an act of anti-government violence during a "closing window" when he still has access to firearms.

For the foregoing reasons, the government requests the Court impose strict bond conditions, including (1) no contact with potential witnesses, (2) location monitoring, and (3) transfer of all firearms and other weapons to a responsible bailee as a precondition to release.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: March 21, 2023

/s/ Nils R. Kessler
NILS R. KESSLER
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404