UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        No. 1:23-cr-29

vs.                                Hon. Paul L. Maloney
                                       United States District Judge

TERRENCE WAYNE VANOCHTEN,

        Defendant.
_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Terrence Wayne Vanochten and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **Defendant Agrees to Plead Guilty.** The defendant agrees to plead guilty to the Indictment, which charges him with possessing unregistered destructive devices in violation of 26 U.S.C. § 5861(d).

2. **Defendant Understands the Crime.** In order for him to be guilty of violating 26 U.S.C. § 5861(d), the following must be true:

    a. The defendant possessed destructive devices; that is, bombs;

    b. The defendant knew they were bombs; and,

    c. The bombs were not registered to the defendant in the National Firearms Registration and Transfer record (NFRTR).

The defendant is pleading guilty because he is guilty of the charge described above.

3. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of 26 U.S.C. § 5861(d) is 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

4. <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>.

The defendant agrees to pay the $100 special assessment on the day of sentencing. Within fourteen days of the execution of this plea agreement, the defendant agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information. The defendant authorizes the U.S. Attorney's Office to inspect and copy all financial documents and financial information held by the U.S. Probation Office, and acknowledges that the U.S. Attorney's Office may share any information collected pursuant to this agreement with the U.S. Probation Office or the Court, and acknowledges any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately. The defendant acknowledges that any payment plan set by the Court for payment of restitution or other criminal monetary penalties represents a minimum payment obligation and it does not preclude the United States from pursuing any other means under applicable federal or state law by which to satisfy his full and immediately enforceable financial obligation until the amounts are collected in full.

The defendant agrees to cooperate fully in the investigation of the amount of restitution or other criminal monetary penalties; the identification of funds and assets in which the defendant has any legal or equitable interest to be applied toward restitution or other criminal monetary penalties; and the prompt payment of the restitution or other criminal monetary penalties. The defendant's cooperation obligations are ongoing until he has satisfied the monetary penalties, including restitution, in full. The defendant shall not provide false or incomplete information about his financial assets; or otherwise hide, sell, transfer or devalue assets with the purpose of avoiding payment of restitution or other criminal monetary penalties.

5. <u>Probation Revocation</u>. The defendant understands that if he is presently on probation in another case, the conviction in this case may result in revocation of such probation.

6. <u>Asset Forfeiture and Financial Accountability</u>. The defendant agrees to disclose to law enforcement officials the whereabouts of, his ownership interest in, and all other information known to him about, all assets, money or property of any kind, derived from or acquired as a result of, or used to facilitate the commission of his illegal activities. The defendant agrees to assist and cooperate in the recovery of all monies, property, or assets derived from, or acquired as a result of the offense charged in the Indictment. The defendant further agrees to forfeit all rights, title, and interest in and to such items.

The defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 26, United States Code, Section 5872(a),

3

and Title 28, United States Code, Section 2461(c), which include, among other things, any firearm or ammunition involved in or used in any knowing violation under 26 U.S.C. § 5861(d). Specifically, the defendant agrees to forfeit to the United States three unregistered pipe bombs, which were involved in his knowing possession of those devices as charged in the Indictment. The defendant admits that the bombs are subject to forfeiture pursuant to Title 26, United States Code, Section 5872(a) and Title 28, United States Code, Section 2461(c). The defendant consents to the entry of a preliminary order of forfeiture concerning the bombs at or before the time of sentencing.

The defendant also acknowledges and agrees that a Hartford Comm USA, Model M203 40mm projectile launcher, serial number U28200801545 seized from his residence on August 17, 2022, constitutes an illegal destructive device as defined by 26 U.S.C. § 5861(d) and is also subject to forfeiture under 26 U.S.C. § 5872(a), 28 U.S.C. § 2461(c). The defendant hereby waives and abandons all right, title, and interest in the 40mm projectile launcher, and waives, releases, and withdraws any claim that he has made with respect to the 40mm projectile launcher, and waives and releases any claim that he might otherwise have made to it in the future. The defendant consents to the administrative forfeiture of the 40mm projectile launcher through the Bureau of Alcohol, Tobacco, Firearms and Explosives, and consents to the destruction of the 40mm projectile launcher, if the government determines that such destruction is necessary.

The defendant waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the government might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the destructive devices referenced in this section. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the destructive devices referenced in this section, including any such claim for attorney fees and litigation costs. The defendant agrees to hold the government, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the destructive devices referenced in this section.

7. <u>Factual Basis of Guilt</u>. The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

    a. On August 17, 2022, in Kalkaska County, Michigan, the defendant possessed three pipe bombs in an ammunition can in his home. The bombs were constructed from sections of metal pipe with screwed-on metal end caps. One end of each bomb was drilled to allow the insertion of fuse cord, a length of which the defendant kept in the ammunition can with the bombs.

    b. The defendant knew that the devices he possessed were in fact bombs, because he constructed them according to manuals found at his residence.

    c. If called at trial, an ATF expert would testify that the bombs were destructive devices within the meaning of 26 U.S.C. § 5845. When subjected to laboratory testing, the powder and fuses rapidly burned as designed. The expert would testify that if detonated, the devices could kill, maim, or injure people, and destroy property, by creating a shock wave and by throwing fragmented parts of the metal pipe outward as "shrapnel."

    d. If called at trial, an ATF records custodian would testify that the bombs were not registered to the defendant, or anyone else, in the NFRTR.

8. <u>Non-Prosecution Agreement</u>

    a. The U.S. Attorney's Office agrees not to charge the defendant with possession of a Hartford Comm USA, Model M203, 40mm projectile launcher, serial number U28200801545, which was affixed to an AR-15 platform rifle found at his Kalkaska County residence on August 17, 2022. If called, ATF experts would testify that the projectile launcher also qualified as a "destructive device" within the meaning of 26 U.S.C. § 5845, and that it was not registered to the defendant in the NFRTR. The defendant understands that while he is not being charged with unlawful possession of that

weapon, the Court may consider that conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, the defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

    b. The U.S. Attorney's Office agrees not to bring other criminal charges against the defendant arising from his possession of unregistered firearms, or his possession of undisclosed ammunition while on bond, provided that the conduct is disclosed to the government by the defendant or his attorney prior to the date of this agreement. The defendant will remain subject to prosecution for any criminal activity he has failed to disclose before the date of this agreement. This promise of non-prosecution does not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

9.     <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by him that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to

7

grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

10. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the defendant. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that he and his attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

11. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of his guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if he could not afford an attorney, the right to have the Court appoint an attorney to represent

him.

  b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove him guilty beyond a reasonable doubt.

  c. The right to confront and cross-examine witnesses against him.

  d. The right, if he wished, to testify on his own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

  e. The right not to be compelled to testify, and, if he chose not to testify or present evidence, to have that choice not be used against him.By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12. <u>FOIA Requests.</u> The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. <u>The Court is not a Party to this Agreement</u>. The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the

maximum established by statute, he cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. The defendant understands that no one—not the prosecutor, the defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence he will receive, except that it will be within the statutory maximum.

14. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15. <u>Consequences of Breach</u>. If the defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

16. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

                                      MARK A. TOTTEN
                                      United States Attorney

6/6/2023
Date

                                      NILS R. KESSLER
                                      Assistant United States Attorney

      I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

6-5-23
Date

                                      TERRENCE WAYNE VANOCHTEN
                                      Defendant

     I am Terrence Wayne Vanochten's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

6/5/2023
Date

                                      SEAN R. TILTON
                                      Attorney for Defendant